CAUSE NO. 2013-71496-431

| | | |
|---|---|---|
| **COLLETTE PHELPS** <br> *Plaintiff* | § § § § | IN THE DISTRICT COURT |
| V. | § § | 431st JUDICIAL DISTRICT |
| **RACETRAC PETROLEUM, INC AND STEPHANIE BRINKLEY** <br> *Defendant.* | § § § § § § § | DENTON COUNTY, TEXAS |



## PLAINTIFF'S ORIGINAL PETITION AND WRITTEN DISCOVERY

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, COLLETTE PHELPS, Plaintiff, complaining of and against RACETRAC PETROLEUM, INC. and STEPHANIE BRINKLEY, Defendants herein, and would respectfully show unto the Court as follows:

### I. DISCOVERY CONTROL PLAN

Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.2.

### II. TEXAS RULE 47 STATEMENT OF MONETARY RELIEF SOUGHT

Plaintiff prefers to have this Honorable Judge or a jury determine the fair amount of compensation for Plaintiff's damages, and Plaintiff places the decision regarding the amount of compensation to be awarded in this Honorable Judge or jury's hands. However, pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff is required to provide a statement regarding the amount of monetary relief sought. Accordingly, Plaintiff states that the monetary relief sought is more than $200,000.00 but not more than $1,000,000.00.

### III. PARTIES AND SERVICE

Plaintiff, COLLETTE PHELPS's last three digits of her social security number are 636 and she resides at 1490 W South Loop, Stephenville, Texas, 76401.

Defendant, RaceTrac Petroleum, Inc., is a corporation licensed to do business in Texas which may be served through its registered agent, CT Corp which may be served at 350 North St. Paul Street, Suite 2900, Dallas, Texas, 75201 or wherever it may be found. **Issuance of citation is requested at this time**.

Defendant, Stephanie Brinkley, may be served at her place of business at 2834 W. University Drive, Denton, Texas 76207 or wherever she may be found. **Issuance of citation is requested at this time**.

### IV. JURISDICTION

This Court has jurisdiction as Plaintiff's damages exceed the minimum jurisdictional limits of this Court. Plaintiff affirmatively pleads that she is seeking monetary relief over $200,000.00 but not more than $1,000,000.00.

### V. VENUE

Venue is proper in Denton County, Texas, pursuant to 15.002(a)(1) of the Texas Civil Practice and Remedies Code, because the facts that give rise to the causes of action occurred in Denton County, Texas. The injuries to the Plaintiff happened in Denton County, Texas.

### VI. FACTS

Plaintiff would respectfully show this Court that on or about November 26, 2011, Plaintiff, Collette Phelps, was an invitee at the Racetrac gas station and convenience store on 2834 W. University Drive, Denton, Texas 76207. While walking back to her vehicle after finishing inside the

Case 4:13-cv-00753 Document 4-3 Filed 12/20/13 Page 4 of 15 PageID #: 92

store, she slipped and fell due to oil in the parking lot. Plaintiff sustained severe personal injuries as a direct and proximate result of Defendants' negligent maintenance of the facility. Defendants were actively or constructively aware of this defect.

At all relevant times the Defendants were the possessors of the premises where the accident that made the basis of this action occurred. Plaintiff is entitled to invitee status as a shopper where Defendants had retained control. Additionally, the Defendants knew or should have known of the dangerous conditions and that a person who slipped in oil could be seriously injured.

The Defendants did not make the area safe and did not make an adequate effort to protect Plaintiff at the time of the accident. By breaching its duty make the condition reasonably safe for the Plaintiff, Defendants were the proximate cause of Plaintiff's injuries.

## VII. PREMISES LIABILITY

At all relevant times Defendants were guilty of general negligence, gross negligence, and/or malice toward Plaintiff in the following respects:

A. In failing to make said condition reasonably safe, by properly maintaining the property in and out of the store so that there were not areas of oil and/or grease.

B. In failing to properly train its employees and/or contractors in properly maintaining and/or cleaning the facilities;

C. In failing to properly supervise its employees and/or contractors in performing their duties; and

D. In failing to warn the Plaintiff of the dangerous condition.

As a direct and proximate result of these and other acts and omissions, whether taken singularly or in any combination, Plaintiff, was injured when the Defendants negligently failed to remove such dangerous conditions from the floors which caused the Plaintiff's injuries.

## VIII. DAMAGES

As a direct and proximate result of Defendants' negligence Plaintiff suffered severe and disabling injuries to her hand for which she required extensive medical treatment and has incurred medical and pharmaceutical bills in amounts of at least **$ 87,000.00.**

. Plaintiff also suffered severe physical and mental pain, suffering, impairment, anguish, loss of enjoyment of life, disability; and, in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of her life. Solely as a result of the injuries she sustained due to Defendants' conduct. There is a more than reasonable probability that Plaintiff will incur additional reasonable expenses for necessary medical care and attention in the future in sums unknown at this time. In addition, Plaintiff will continue to experience pain and suffering, mental anguish, impairment, depression, loss of enjoyment of life.

Plaintiff's compensatory damages specifically include, but are not limited to, her past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other damages which Plaintiff has incurred due to Defendants' negligent conduct. Therefore, Plaintiff seeks damages from Defendants, and, by reason of the injuries and damages set forth above, Plaintiff has been damaged far in excess of the minimum jurisdictional limits of this Court.

## IX. DISCOVERY

### Instructions

For any requested information about a document that no longer exists or cannot be located, identify the document; state how and when it passed out of existence, or when it could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss, and identify each document evidencing the existence or nonexistence of each document that cannot be located. All responses and responsive documents

are due fifty (50) days after service at the office of Modjarrad & Abusaad, 100 N. Central Expressway, Suite 1000, Richardson, TX 75080.

## Definitions

The following definitions shall have the following meanings, unless the context requires otherwise:

1. "Defendant," "you," or "your" means RACETRAC PETROLEUM, INC., individually, or STEPHANIE BRINKLEY, Individually.

2. "Plaintiff" means COLLETTE PHELPS.

3. "Party" or "parties," as well as party's full or abbreviated name or a pronoun referring to a party, means the party, and where applicable, his or its agents, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with him or it, or under his or its control, whether directly or indirectly, including any attorney.

4. "Possession, custody, or control" of an item means that the person either has physical possession of the item or has a right to possession that is equal or superior to the person who has physical possession to the item, as per TRCP 192.7.

5. "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity and all predecessors or successors in interest.

6. "Date" means the exact date, month, and year, if ascertainable, or, if not, the best available approximation.

7. "Identify" or "describe," when referring to a person, means you must state the following:

    a. The full name.
    b. The present or last known residential address and residential telephone number.
    c. The present or last known office address and office telephone numbers.
    d. The present occupation, job title, employer, and employer's address at the time of the event or period referred to in each particular request.
    e. In the case of any entity, identify the officer, employee, or agent most closely connect with the subject matter of the request and identify the officer who is responsible for supervising that officer or employee.

8. "Identify" or "describe," when referring to a document, means you must state the following:

    a. The nature (e.g. letter, handwritten note) of the document.
    b. The title or heading that appears on the document.
    c. The date of the document and the date of each addendum, supplement, or other

   addition or change.
 d. The identity of the author and of the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered.
 e. The recent location of the document, and the name, address, position or title, and telephone number of the person or persons having custody of the document.

9. The word "and" means "and/or." The word "or" means "or/and."

10. The words "accidental injury", "incident", and/or "accident" referred to in the following requests, is the accident, which occurred on November 26, 2011, herein referred to as the "incident", and, is the basis of this suit, and as set forth in Plaintiff' Original Petition.

11. The word "location" means the Rarac premises located at or near 2834 W. University Drive, Denton, Texas 76207.

## Rule 194 Requests for Disclosure

Please take notice that pursuant to Rule 194, you are requested to disclose the following information or material:

a. The correct names of the parties to the lawsuit;

b. The name, address and telephone number of any potential parties;

c. The legal theories and, in general, the factual basis of the responding party's claims or defenses;

d. The amount and method of calculating economic damages;

e. The name, address, and phone numbers of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case.

f. For any testifying expert:
 (1) The expert's name, address and phone number;
 (2) The subject matter on which the expert will testify;
 (3) The general substance of the expert's mental impressions and opinions and brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information;
 (4) If the expert is retained by, employed by, or otherwise subject to the control of the responding party:
  a. All documents, tangible things, reports, models, or data compilations that have been provided to reviewed by, or prepared by or for the expert in anticipation of the expert's testimony, and
  b. The expert's current resume and bibliography

g. Any discoverable indemnity and insuring agreements;

h. Any discoverable settlement agreements;

i. Any discoverable witness statements;

j. In a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

k. In a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the responding party by virtue of an authorization by the requesting party.

l. The name address, and telephone number of any person who may be designated as a responsible third party.

### Interrogatories

**INTERROGATORY NO. 1.**

State the name, address, and telephone number for the person(s) answering or responding to all or any portion of Defendant's interrogatories, requests for production, requests for admissions, and requests for disclosure on behalf of Defendant and for the person(s) supplying information for and/or assisting with the preparation of Defendant's answers, responses, and/or objections, and state which specific answer(s), response(s), and/or objection(s) each such person answered, supplied information for, and/or assisted with.

ANSWER:

**INTERROGATORY NO. 2.**

Did you or anyone acting on your behalf cause an investigation to be conducted at any time in connection with the subject matter of this action? If so, please state for each such investigation:

    a. the date of each investigation;
    b. where the investigation was made;
    c. the names of the persons conducting each such investigation;
    d. the names and capacities of all persons present or contacted at any time during the investigation;
    e. whether any written notes or memoranda of any kind were made in connection with the investigation;
    f. whether a report of the investigation was made;

      g.    the date of each such report;
      h.    the name of the person making each such report;
      i.    whether each such report was oral or in writing;
      j.    the present location of each such written report; and
      k.    the name and address of the person having custody of each written report.

ANSWER:

**INTERROGATORY NO. 3.**

If the defendant or any of Defendant's representatives has obtained any photographs of the accident site, the vehicle involved or the plaintiff, or photographs that pertain to the manner in which the accident occurred, state for each such photograph:

      a.    the date on which the photograph was taken;
      b.    the time at which the photograph was taken;
      c.    the identity, including name, address and job title, of the person who took the photographs;
      d.    the nature of the scene the photograph depicts; and
      e.    the identity, including name, address and job title, of the person who has present custody of the photograph.

ANSWER:

**INTERROGATORY NO. 4.**

Identify each person who is expected to be called to testify at trial, including your experts. If and when you have enough information to anticipate the use of impeachment or rebuttal evidence or witnesses, you must provide that information. *See* Tex. R. Civ. P. 192.3(d).

ANSWER:

**INTERROGATORY NO. 5.**

At the time of the incident, was there in effect any policy of insurance through which you were or might be insured in any manner (for example, primary, pro-rata, excess liability coverage, or medical expense coverage) for the damages, claims, or actions that have arisen out of the incident? If so, for each policy state:

      a.    the kind of coverage;
      b.    the name and address of the insurance company;
      c.    the name, address, and telephone number of each named insured;
      d.    the policy number;
      e.    the limits of coverage for each type of coverage contained in the policy;

  f. whether any reservation of rights, controversy, or coverage dispute exists between you and the insurance company, and, if so, its nature; and

  g. the name, address, and telephone number of the custodian of the policy.

<u>ANSWER:</u>

**INTERROGATORY NO. 6.**

State the name, address, and telephone number of each individual:

  a. who witnessed the incident or the events occurring immediately before or after the incident;

  b. who heard any statements made about the incident by any individual at the scene;

  c. who you or anyone acting on your behalf claim has knowledge of the incident;

  d. who was working at this location during the time the incident took place.

<u>ANSWER:</u>

**INTERROGATORY NO. 7:**

Please state whether prior to the incident you had any knowledge of any dangerous condition that existed on the subject premises.

**ANSWER:**

**INTERROGATORY NO. 8:**

If you did have knowledge of a dangerous condition, please state whether any corrective action was taken when you learned of the dangerous condition.

**ANSWER:**

**INTERROGATORY NO. 9:**

Please state whether you transmitted any prior warning to the plaintiff, if so, please state

  a. the words used in the warning,

  b. any witness to the warning

  c. where the warning was placed in reference to the spill

**ANSWER:**

**INTERROGATORY NO. 10:**

Please state how many incidents in the past two (2) years have occurred on the premises of the

Defendant.

**ANSWER:**
**INTERROGATORY NO. 11:**

Please name all managers and employees employed at the Racetrac in question on the date of the incident. Please include the titles of each employee listed.

**ANSWER:**

### Requests for Admissions

Please Admit or Deny the following:

**REQUEST 1.**  On the day of the incident, Plaintiff was a customer in Defendant's store.

**REQUEST 2.**  On the day of the incident, Plaintiff was a business invitee of Defendant.

**REQUEST 3.**  On the day of the incident, Plaintiff slipped on oil or grease on Defendant's property.

**REQUEST 4.**  Said oil or grease rendered the area slippery and dangerous.

**REQUEST 5.**  After slipping on Defendant's property, Plaintiff sustained person injuries.

**REQUEST 6.**  Defendant knew of the oil and/or grease on the ground prior to the time that Plaintiff slipped.

**REQUEST 7.**  No employee of the Defendant warned Plaintiff of the oil and/or grease on the property.

**REQUEST 8.**  No employee of the Defendant placed any warning signs around the oil and/or grease.

**REQUEST 9.**  Defendant knew or should have known that the danger existed.

## Requests for Production of Documents

**REQUEST NO. 1.**

Produce copies of any criminal records relating to any party in this lawsuit, that you possess, or that you intend to use at the trial of this suit.

RESPONSE:

**REQUEST NO. 2.**

Produce any and all settlement agreements, deals, contracts, understandings, "Mary Carter" agreements, or compromises between you or your representatives and any other party, potential party, or potential third party defendant to this suit or its representatives, agents or insurers regarding any compromise, settlement, apportionment of liability or financial responsibility, contingent or otherwise, or alignment of the parties on any issue with respect to:
  a. The accident;
  b. Plaintiff's damages;
  c. The presentation of any testimony;
  d. Whether or how to conduct any cross examination;
  e. The performance of discovery; and/or
  f. The presentation of any defense, excuse, or inferential rebuttal.

RESPONSE:

**REQUEST NO. 3.**

Produce any surveillance movies, photographs, or videotapes of plaintiff or of the accident. If you have color copies, provide those. Digital copies are acceptable.

RESPONSE:

**REQUEST NO. 4.**

Produce the incident report or other report of any governmental agency relating to the collision.

RESPONSE:

**REQUEST NO. 5.**

Produce all training manuals, personnel manuals, or instruction booklets which describe or refer to the care, custody and control of the premises, which were in effect at the time of the incident.

RESPONSE:

**REQUEST NO. 6.**

Produce any occurrences of similar incidents to this incident which occurred at this location for the past two (2) years.

RESPONSE:

**REQUEST NO. 7.**

Produce an employee log from the date of the incident.

RESPONSE:

**REQUEST NO. 8.**

Please provide all documents that identify any third parties who exercised any control over the place where the incident occurred, including but not limited to leases, contracts, service agreements, management agreements, etc.

RESPONSE:

**REQUEST NO. 9.**

Produce any statements that you or any Defendant provided to any and all insurance companies concerning, describing or pertaining to an investigation of the incident in question or any damages or injuries resulting therefrom.

RESPONSE:

**REQUEST NO. 10.**

Produce any and all documents containing the date and time of each property sweeping or cleaning at the premises for the date of the accident.

RESPONSE:

**REQUEST NO. 11.**

Produce any and all materials concerning the training and evaluation of employees regarding inspection, maintenance, safety, customer relations, or claims procedures.

RESPONSE:

**REQUEST NO. 12.**

Produce all documents created, received as a result of the investigation of the incident in question and or of the Plaintiff.

RESPONSE:

**REQUEST NO. 13.**

The claims file of Defendant's insurance carrier relating to the incident in question.

RESPONSE:

**REQUEST NO. 14.**

Produce any and all documents concerning any Accident/Incident Reports concerning the day in questions.

RESPONSE:

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer in this cause and that, upon final trial, Plaintiff be awarded a Final Judgment against Defendant, jointly and severally, for the following:

A. At least $87,000.00 at this time from the defendant for all reasonable and necessary past medical and pharmaceutical expenses;

B. A sum for past and future physical and mental pain and suffering, past and future mental anguish and other actual damages to be determined by the trier of fact;

C. A sum for disabling injuries that will, in all probability, exist for the balance of Plaintiff's life due to the past and future physical impairment and disability she has suffered solely due to Defendants' conduct to be determined by the trier of fact;

D. Physical Impairment as determined by a jury;

E. Loss of earnings capacity in both the past and the future as determined by a jury;

F. Pre-Judgment interest on all damages awarded at the highest legal rate;

G. Costs of Court;

H. Post-Judgment interest on all sums awarded herein, at the highest legal rate until paid;

I. Such other and further relief to which Plaintiff may be justly entitled at law or in equity, specific or general.

Respectfully submitted,

**MODJARRAD & ABUSAAD, LAW FIRM**
100 N. Central Expressway, Suite 1000
Richardson, Texas 75080
Ph. (972) 789-1664
Fax (972) 789-1665

By: _____
Steve Sanderfer
Texas Bar No. 00793211

ATTORNEY FOR PLAINTIFF